Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| CARLOS L. CÁCERES PIZARRO<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrida | KLRA202500026 | Revisión Judicial Procedente del Departamento de Corrección y Rehabilitación<br><br>Solicitud Núm.: B-1137-24<br><br>Sobre: Respuesta de Reconsideración de Solicitud de Remedio Administrativo |
|---|---|---|

Panel integrado por su presidente el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 20 de febrero de 2025.

El 13 de enero de 2025, el Sr. Carlos L. Cáceres Pizarro (en adelante, el recurrente) presentó ante nos *Moción en Solicitud de Auxilio, Revisión Judicial*. Mediante dicho escrito, nos solicita la revisión y revocación de la *Respuesta de Reconsideración al Miembro de la Población Correccional* emitida por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (en adelante, el Departamento).

Recibido el documento, lo hemos evaluado, así como los documentos que lo acompañan y aquellos sometidos por el Departamento en su comparecencia. Así hecho, por las razones que más adelante consignamos, resolvemos confirmar la determinación recurrida.

**-I-**

Según surge del legajo apelativo, el 8 de agosto de 2024 el recurrente presentó una *Solicitud de Remedio Administrativo* en la que reclamó que no ha recibido correctamente despachada la receta nueva de Neurontin que el Internista que lo vio le recetó y que se le agotaron otros medicamentos y no

Número Identificador

SEN2025 _____

le han sido despachados, pese a sus distintos reclamos. El 30 de agosto de 2024, la División de Remedios Administrativos del Departamento emitió *Contestación de Remedio Administrativo.* Allí, dispuso que la receta del medicamento de estómago se había procesado y despachado el día 15 de ese mes y año. También se indicó que la otra medicina se le estaba despachando conforme la receta recibida.

En desacuerdo con lo informado, según aparece en el expediente, el recurrente solicitó reconsideración el 26 de septiembre de 2024. En cuanto a esta, la División de Remedios Administrativos emitió una *Respuesta de Reconsideración al Miembro de la Población Correccional,* en la que se acogió la reconsideración y se ordenó al coordinador a emitir la correspondiente resolución. El 17 de octubre de 2024, Damaris Robles Domínguez, coordinadora, así lo hizo.[1]

Como arriba indicamos, el 13 de enero de 2025, recibimos el recurso de epígrafe mediante el cual el recurrente cuestiona la respuesta emitida en cuanto a su reconsideración. Atendido este, ordenamos al Departamento, entre otras cosas, proveer copia de la resolución recurrida. El 10 de febrero del año en curso, el recurrente sometió una *Moción Urgente Solicitando Servicio Presencial.*[2] Posteriormente, la Oficina del Procurador General compareció mediante *Escrito en Cumplimiento de Resolución* mediante el que sometió su posición respecto al recurso y acompañó copia del expediente administrativo.

**-II-**

---

[1] Según la hoja de *Respuesta de Reconsideración al Miembro de la Población Correccional* que el recurrente sometió como parte de su apéndice, el evaluador firmó esta respuesta el 18 de octubre de 2024.

[2] En cuanto a este escrito no hay nada que disponer. El mismo no trata sobre la respuesta a la queja administrativa, sino que mediante el mismo el recurrente informa su descontento con que las citas médicas se efectúen por video-conferencia y no presencialmente. Tal insatisfacción de persistir debe ser objeto de una solicitud de remedio administrativo.

*A.*

Es norma hartamente conocida y reiterada en nuestro ordenamiento jurídico que los foros apelativos deben conceder amplia deferencia a las decisiones administrativas debido a la experiencia y pericia que estos organismos, presumiblemente tienen respecto a las facultades que se les han delegado. Otero Rivera v. Bella Retail Group, Inc., 2024 TSPR 70, 213 DPR ____, al citar a Graciani Rodríguez v. Garage Isla Verde, 202 DPR 117, 126 (2019) y Rolón Martínez v. Supte. Policía, 201 DPR 26, 35 (2018).[3]

**-III-**

En el recurso de Revisión Judicial de epígrafe, el recurrente no realizó un señalamiento de los errores que estima, cometió el Departamento. Sí expone los hechos que ocasionan su reclamo y manifiesta que interesa recibir los servicios médicos.

El Departamento, por su parte, al comparecer informa que los reclamos levantados por el recurrente en su queja fueron debidamente atendidos. En cuanto a esto, señala que conforme surge del expediente administrativo- cuya copia nos proveyó- al respondérsele se le indicó que se le están despachando los medicamentos conforme a la receta médica recibida y diligenciada por la farmacia e inclusive, se le invitó a que, de tener alguna duda, solicite un *sic cell* para que se le oriente sobre lo que establece su expediente médico.

Estudiado el expediente administrativo, concluimos que la discusión ofrecida por el recurrente a los fines de impugnar la determinación administrativa es insuficiente en derecho para derrotar la deferencia que esta merece de nuestra parte. Al final de cuentas, recordemos que tal

---

[3] Reconocemos que recientemente el Tribunal Supremo Federal emitió una decisión en la que cuestionó gran parte de la jurisprudencia que dirige el proceso de revisión judicial que efectúan los tribunales sobre las decisiones administrativas. Particularmente, en cuanto a la deferencia que estas merecen al interpretar un estatuto ambiguo. Véase Loper Bright Enterprises et al., v. Raimondo, 603 US ____ (2024), 144 S. Ct. 2444. No obstante, es nuestro parecer que las circunstancias particulares del caso ante nuestra consideración no requieren que profundicemos sobre los fundamentos consignados en la mencionada decisión.

deferencia cederá solamente cuando la determinación administrativa sea irrazonable, ilegal o contraria a derecho.

Al considerar que las determinaciones de hechos de organismos y agencias tienen a su favor una presunción de regularidad y corrección que debe ser respetada a menos que la parte que las impugne produzca evidencia suficiente para derrotarlas, y no habiendo cumplido el recurrente con tal requisito, no estamos en posición de concluir como propone, que procede la revocación de la decisión recurrida.

-IV-

Por lo antes expuestos, confirmamos la determinación administrativa recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones